•Judge Buckner, delivered
the opinion of the court.
This was a suit in chancery, instituted by the defendants in error against Ann Arnold, administratrix of James Arnold, deceased, and the plaintiffs 'in error, as her sureties in the administration bond, and others, for distribution.
Some of the distributees, who were prayed to be - - - - - r made defendants, were not served wiih'process,
During the pendency of the suit the administratrix died, and it abated as to her.
A bill was then filed, alleging that no one had become administrator, de bonis non, of the estate of the ■said James Arnold, deceased, and that the administratrix had converted a part of the estate to her own use, and delivered the remainder to the other distributees.
The circuit court entered a decree in .favor of Babbit and wife, against the sureties, for the sum of $> 179 16 cents and costs; to reverse which, they prosecute this writ of error.
The decree is obviously erroneous, because the administration bond, in the present case, contains no clause securing the interest of the distributees. It is probable that it was omitted through mistake; but the omission is fatal to the claim asserted against the sure *666 ties. See the cases of-Peter Moore et. al. vs. Waller's heirs, I Marshall, 488; Barbour & Chapline vs. Robertson’s heirs, 1 Litlell, 93.
Richardson and Crittenden, for plaintiffs; Monroe and ■ Sanders, for defendants.
■ The decree, must he reversed, and the cause remanded to the circuit court, with directions to dismiss the bill, as to the plaintiffs in error, with costs.
As it alleges grounds which may, if supported, render a de'eree proper against other defendants, the defendants in error should be permitted to revive the suit, and to bring all proper parties before the court in convenient time, if they shall move for leave to do so. Otherwise, the bill, except as to the plaintiffs in error, must be dismissed without prejudice.